UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HARRIS,

        Plaintiff,                           Civil Action No. 15-10717
                                            Honorable Arthur J. Tarnow
                                            Magistrate Judge David R. Grand
v.

MICHAEL BOLF and
SHEILA CLIFTON,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO TIMELY EFFECUTATE SERVICE**

**I.    REPORT**

    **A.    Procedural History**

On February 26, 2015, *pro se* Plaintiff Jerome Harris ("Harris") filed a complaint against Defendants Michael Bolf and Sheila Clifton ("Defendants"). (Doc. #1). Summonses were issued that same day. (Doc. #2). On March 5, 2015, Harris filed two Return of Service forms, indicating that both defendants were personally served on March 2, 2015. (Docs. #3, 4). On both forms, however, the "Declaration of Server" section was blank; thus, the Court could not discern *who* purportedly accomplished personal service on Defendants and, consequently, whether valid service was actually accomplished.

For that reason, the Court issued an Order on May 6, 2015, requiring Harris to demonstrate to the Court, on or before June 26, 2015 (the date on which the summonses expired), that proper service was accomplished on Defendants pursuant to Fed. R. Civ. P. 4. Harris was warned that, should he fail to establish that Defendants were properly served, the instant action may be dismissed without prejudice.

On June 24, 2015, Harris filed certificates of service, indicating that the United States Department of Justice (in Washington, D.C.) and the United States Attorney's Office (in Detroit, Michigan) had purportedly been served with copies of the summons and complaint via certified mail on June 11, 2015.  (Docs. #9, 10).  The Court notes, however, that neither the Department of Justice nor the United States Attorney is a named defendant in this action.

As to the individuals named as defendants in this action – Michael Bolf and Sheila Clifton – there still was no indication on the docket that either had been properly served with process.  Rule 4(e), which sets forth the ways in which service can properly be accomplished on an individual, does provide for service by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(C).  In this case, however, there is no indication that either the Department of Justice or the United States Attorney was authorized to accept service on behalf of Mr. Bolf or Ms. Clifton.

Accordingly, on August 31, 2015, this Court issued an Order to Show Cause, requiring Harris to show cause, in writing, on or before September 18, 2015, why this action should not be dismissed, without prejudice, because of his failure to timely serve Defendants within 120 days of filing his complaint, as required by Fed. R. Civ. P. 4(m).  (Doc. #13).  Despite issuance of that Order, and despite repeatedly being put on notice that there is no indication Defendants have been properly served, Harris has not responded to the Court's Order to Show Cause, nor has he taken other steps to provide the Court with evidence that Defendants were properly served.

**B.     Analysis**

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 120 days of filing the complaint, the court must dismiss the action without prejudice as to that defendant.  "Absent a showing of good cause to justify a failure to effect

2

timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is a plaintiff's burden to establish good cause for failing to timely effectuate service. *See Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

It has now been more than seven months since Harris commenced this action. Despite being notified of the deficiencies in his purported service of the summons and complaint on Defendants, Harris has failed to provide any explanation – let alone good cause – for his failure to timely and properly serve the named Defendants. Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, the Court recommends that Harris' complaint be dismissed without prejudice. *See Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

## II.     RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2.

Dated: October 19, 2015                                s/David R. Grand
Ann Arbor, Michigan                                    DAVID R. GRAND
                                                       United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431

F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
